UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SELECT PORTFOLIO SERVICING, INC., a
foreign corporation; and RESIDENTIAL
REALESTATE REVIEW, INC., a foreign
corporation,

                 Plaintiffs,

vs.                             Case No. 3:06-cv-582-J-33MMH

EVALUATION  SOLUTIONS,  L.L.C.,  a
Florida  limited  liability  company;
BRYAN F. GUCKAVAN, individually; and
JAMES A. MOORE, individually,

                 Defendants.

_____/

**<u>ORDER</u>**

This matter comes before the Court pursuant to Defendants'
Motion to Dismiss for Lack of Subject Matter Jurisdiction and for
Judgment on the Pleadings (Doc. # 20), filed on August 2, 2006.
Defendants correctly assert that Plaintiffs rely on only one
federal cause of action.  <u>Id.</u> at 1-2.  It is this federal cause of
action that gives rise to federal question jurisdiction.
Defendants argue, though, that Plaintiffs have failed to properly
plead this federal cause of action.  <u>Id.</u> at 2-7.  Thus, Defendants
submit that, without a federal cause of action, the Court does not
have subject matter jurisdiction.  For the reasons stated below,
the Court denies the Defendants' motion.

The Court notes that it must first address questions of

1

subject matter jurisdiction before addressing substantive issues in the case.  The Court finds that Plaintiffs have properly pleaded a federal cause of action.  Because Plaintiffs have properly pleaded a federal cause of action, the Court denies Defendants' motion for judgment on the pleadings.  In addition, because Plaintiffs' state law claims are part of the same case or controversy as the federal cause of action, the Court will exercise supplemental jurisdiction over these claims.

## I.  Background

Plaintiffs in this case are two real estate companies. Plaintiff Select Portfolio Servicing, Inc., (SPS) services residential real estate mortgages.  Plaintiff Residential Realestate Review, Inc., (RRR) provides assessments of the value of residential real estate to other customers.  RRR provides these services by contacting realtors[1] in the same geographic area as the property to be evaluated.  These realtors evaluate the property and report back to RRR;  RRR, of course, pays them for their services. RRR's primary customer is SPS.[2]  In fact, both RRR and SPS are owned by the same holding company, SPS Holding Corporation.  (Doc. # 4, at 2.)

---

[1]For the sake of simplicity, the Court refers to all local real estate professionals as realtors.

[2]Defendants state that SPS represents approximately 85% of RRR's business.  (Doc. # 22-2, at 4.)

Defendants are two former employees of SPS and the new company formed by these former employees.  Defendant Guckavan was the vice president of affiliate operations for SPS.  Defendant Moore was the senior vice president of call center operations for SPS.  Together, Guckavan and Moore formed Evaluation Solutions, L.L.C., (Eval-Sol).  Defendant Eval-Sol is a Florida limited liability company that provides the same services as RRR.

Plaintiffs have sued Defendants in an eighteen-count complaint, in which only one of the counts states a federal cause of action.  On August 2, 2006, Defendants filed a motion for judgment on the pleadings arguing that this lawsuit must be dismissed for lack of subject matter jurisdiction.  Defendants' argument is two-fold.  First, Defendants submit that Plaintiffs have failed to plead a cause of action under the Lanham Act, 15 U.S.C. § 1051 et seq.  Accordingly Defendants move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  The second argument, under Federal Rule of Civil Procedure 12(h)(3), is that the Court lacks subject matter jurisdiction because the Lanham Act claim was not properly pleaded.  Defendants contend that the complaint, devoid of its federal claim under the Lanham Act, contains no basis for federal subject matter jurisdiction.

## II.  Analysis

Defendants argue that this case must be dismissed for lack of

federal subject matter jurisdiction. Before addressing the substantive issue of Plaintiffs' motion for preliminary injunction, the Court must first address this jurisdictional issue. <u>See</u> <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1366 (11th Cir. 1994) ("[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues."). Indeed, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998) (quoting <u>Ex Parte McCardle</u>, 74 U.S. (7 Wall.) 506, 514 (1868)).

Defendants point out that while Plaintiffs invoke federal question jurisdiction, only one of the eighteen counts in Plaintiffs' complaint states a federal cause of action. This count pleads a cause of action under § 43 of the Lanham Act, 15 U.S.C. § 1125. Defendants argue that Plaintiffs have not pleaded a cause of action under the Lanham Act, and that the Court must therefore dismiss this count. Since there is no federal question, Defendants argue, the Court does not have jurisdiction over the remaining state law causes of action in the complaint.

Defendants' motion is a facial attack on the sufficiency of the complaint in alleging a basis for federal question jurisdiction. (Doc. 20, at 4 n.1.) As such, Defendants' motion

4

attacks only the sufficiency of the complaint's alleged basis for subject matter jurisdiction.   See Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1260-61 (11th Cir. 1997) ("Attacks on subject matter jurisdiction . . . come in two forms: 'facial attacks' and 'factual attacks.'  Facial attacks on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" (alterations in original) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990))).   Defendants assert that Plaintiffs have not pleaded facts sufficient to support their Lanham Act claim.   Specifically, Defendants point to the allegation in the complaint that an executive of Fiserv, an RRR customer, was under the impression that Plaintiffs had lost their A team.   (Doc. # 20, at 3-5.)   Defendants conclude that this allegation does not support a cause of action under the Lanham Act for three reasons.   Id. at 3.   First, there is no allegation that Defendants made a statement that Plaintiffs had lost their best employees.   Id.   Second, a statement made to a single customer does not constitute an actionable advertisement under the Lanham Act. Id.   And third, any such statement would be non-actionable puffery. Id. at 3-4.

Defendants are mistaken in their assertion that Plaintiffs have not pleaded sufficient facts to support a Lanham Act claim.

In addition to the A team allegations, Plaintiffs also pleaded that Eval-Sol's website stated it had a network of 20,000. (Doc. # 1, at 7.) Additionally, Plaintiffs asserted that Guckavan used SPS's telephone number to solicit and divert clients to Eval-Sol. Id. at 6-7. If these facts can be proven, Plaintiffs have properly stated a claim under the Lanham Act, particularly on the matter of the 20,000-strong network claim.[3]

The Lanham Act creates a cause of action for false or misleading representations of fact in commercial advertising. 15 U.S.C. § 1125(a). A direct competitor can bring such a claim. See Telecom Int'l Am., Ltd. v. AT&T Corp., 280 F.3d 175, 197 (2d Cir. 2001)("To have standing for a [Lanham Act] false advertising claim, the plaintiff must be a competitor of the defendant and allege a competitive injury." (quoting Stanfield v. Osborne Indus., Inc., 52 F.3d 867, 873 (10th Cir. 1995))). Moreover, courts allow a lower pleading threshold where the plaintiff and defendant are obviously in competition. See Societes des Hotels Meridien, S.A. v. LaSalle Hotel Operating P'ship, L.P., 380 F.3d 126, 130 (2d Cir. 2004) ("[T]he type and quantity of proof we have required to show injury and causation has varied from case to case. Generally, we have tended to require a more substantial showing where the plaintiff's products are not obviously in competition with the defendant's

---

[3]The Court's decision is based in part on the allegation that Defendants claimed to have a network 20,000 strong.

products . . . .").

The Eleventh Circuit has articulated the elements of a Lanham Act claim under § 43:

> To succeed on a false advertising claim under § 43(a)(1)(B) of the Lanham Act, a plaintiff must establish that (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been -- or is likely to be -- injured as a result of the false advertising.

Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004).   The first element is met when the challenged statements "were either (1) commercial claims that are literally false as a factual matter or (2) claims that may be literally true or ambiguous but which implicitly convey a false impression, are misleading in context, or likely to deceive consumers."[4]   Id. (quoting United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998)) (internal quotation marks omitted).

Construed generously, the complaint alleges facts sufficient to satisfy the elements of a Lanham Act claim.   The standard for evaluating a motion for judgment on the pleadings for lack of subject matter jurisdiction requires just such a generous

---

[4]A plaintiff relying on a literally true but misleading statement "must present evidence of deception in the form of consumer surveys, market research, expert testimony, or other evidence."   Id. (quoting Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1247 (11th Cir. 2002)) (internal quotation marks omitted).

7

construction.  Indeed, "it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction."  Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1260 (11th Cir. 1997).  The Court must accept as true all facts alleged in the complaint and must further "draw all inferences that favor the nonmovant."  Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998).

With all inferences drawn in favor of Plaintiffs, it is clear Plaintiffs have properly pleaded a cause of action under § 43 of the Lanham Act, 15 U.S.C. § 1125.  Plaintiffs alleged that Eval-Sol's website stated Eval-Sol had a network 20,000 strong, a statement which Defendants have admitted is not accurate.  It is reasonable to conclude that this statement was false or misleading,[5] and that it had the capacity to deceive, or actually did deceive, consumers.  Such a statement is not capable of ready verification by consumers; nor is it so outlandish or so clearly a statement of opinion that no customer would be deceived.  Since Eval-Sol made the statement in an advertisement, it is also reasonable to infer that the statement would have a material effect

---

[5]Indeed, Defendants have admitted that Eval-Sol's network in fact contains only approximately 1,500 real estate brokers and appraisers.  (Doc. # 10, at 6.)  The Court does not consider Defendants' admission of falsity in deciding the motion for judgment on the pleadings, however.  This motion is a facial challenge, and, therefore, consideration is given only to the facial sufficiency of the allegations and inferences in the complaint.

on purchasing decisions.

The statement itself notes that the network covers the whole of the United States and its territories. (Doc. # 1, at 7.) Thus, it is a reasonable conclusion that the product or service affects interstate commerce. Finally, RRR and Eval-Sol are competitors. (See Doc. # 22-2, at 4.) (stating, "at most, [Eval-Sol] would compete for only about 5% of [RRR's] business").) Therefore, statements made to increase Eval-Sol's business might do so at the expense of RRR's business. This can be interpreted as an allegation that RRR is likely to be harmed by Eval-Sol's false advertising.

From this analysis, the Court concludes that Plaintiffs have properly pleaded a cause of action under the Lanham Act. Thus, this Court has federal question jurisdiction over the Lanham Act claim. This Court also has supplemental jurisdiction over "all other claims that are so related to [this claim] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This standard is met when, "considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). In other words, the standard is met when the "state and federal claims . . . derive from a common nucleus of operative fact." Id.; see

also <u>Lucero v. Trosch</u>, 121 F.3d 591, 597 (11th Cir. 1997) ("The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim."). Because all these claims arise out of the same dispute between the parties, the Court will exercise supplemental jurisdiction over all the claims in this lawsuit.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED:**

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Judgment on the Pleadings is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>20th</u> day of September 2006.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record